

# THE ATTORNEY GENERAL
## OF TEXAS

July 8, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Chet Brooks
Chairman
Health and Human Services Committee
Texas State Senate
P. O. Box 12068
Austin, Texas    78711

Opinion No. JM-740

Re:  Selection of a county auditor in Harris County, and related questions

Dear Senator Brooks:

You ask about the validity of the selection of a Harris County Auditor under article 1645a-10, V.T.C.S., when the election is by less than two-thirds vote of the district judges having jurisdiction in the county.  You state this problem has arisen when a number of the district judges have failed to attend a meeting scheduled for the selection of an auditor.

The situation which gives rise to your question is stated by you as follows:

> In December 1986, at a meeting called for the purpose of selecting the Harris County auditor, 23 of the 59 district judges having jurisdiction in the county at that time met to consider the appointment.  The vote at the meeting was 27 for and 2 against the reappointment of the acting county auditor.  There were no other nominations for the position.

You ask the following questions:

> 1.  When selected by the method described above, can the county auditor lawfully assume the duties of the office without receiving a vote of two-thirds of the district judges in the county?

> 2.  What is the method provided by law for selection of an auditor in a county with over 2 million in population when no nominee receives the vote of two-thirds of that county's judges?

> 3.  Are meetings held pursuant to article 1645a-10 governed by the Open Meeting law of this state?

In December 1986 the method for selecting an auditor in counties having a population of 2,000,000 or more was controlled by article 1645a-10, V.T.C.S., which provided in relevant part:

> The office of county auditor shall be filled by the candidate receiving a two-thirds vote of the district judges having jurisdiction in the county at a meeting held for that purpose and the vote of a district judge shall not be counted unless he is present at the meeting.

V.T.C.S. art. 1645a-10, §1.

In light of the fact that there was not a two-thirds vote of the district judges having jurisdiction in the county you question whether the nominee could assume the office of auditor for Harris County. Under the scenario you have given it is our opinion that there was not a valid selection of an auditor since two thirds of the district judges in the county did not vote for the nominee. Thus, the person selected could not lawfully assume the duties of the office. However, we have been furnished with a copy of an order dated December 9, 1986 which reflects that at a meeting held on that date the nominee received the votes of 54 of the judges of the district courts having jurisdiction in Harris County, clearly more than the required two-thirds vote.[1]

---

1. The order of December 9, 1986 reflects:

> On the 9th day of December, 1986, the undersigned Judges of the District Courts having jurisdiction in Harris County, Texas, assembled pursuant to a special meeting called to elect a County Auditor for Harris County, Texas, under the provisions of Article 1645a-10 V.C.S. as amended.
>
> Upon motion of Judge Blanton, seconded by Judge Cartwright, duly put and carried, IT IS ORDERED that J. F. Flack be, and he is hereby, appointed as County Auditor of Harris County, Texas for a term beginning January 1, 1987 and ending December 31, 1988, and until his successor is appointed and shall have qualified. [salary provision omitted]
>
> The Clerk of the District Courts shall record this order in the Minutes of the District Courts and shall certify it to the Commissioners Court of Harris County, Texas, for recording in its Minutes and for such further orders as are required by law.

The order is followed by a listing of the 59 district courts having jurisdiction in Harris County with 54 of the judges affixing their signatures above their respective courts.

The present method for selecting an auditor in Harris County is addressed by Senate Bill No. 914, Acts 1987, 70th Leg., ch. 192, signed by Governor Clements on May 20, 1987 and contains the proviso "that this Act take effect and be in force from and after its passage, and it is so enacted." Article 1645a-10 was amended by Senate Bill No. 914 to read as follows (new language is underlined):

> Sec. 1. In any county having a population of 2,000,000 or more, according to the last preceding federal census, the district judges having jurisdiction in the county, shall nominate candidates for the office of county auditor. Each judge may nominate as many candidates as he wishes. The district judges shall hold a meeting for the purpose of electing a county auditor. The county auditor shall be elected by a two-thirds vote of the district judges who are present and voting at that meeting, providing that at least a majority of the district judges are present.

You also ask if meetings held pursuant to article 1645a-10 are governed by the Open Meetings Act of this state. In Attorney General Opinion JM-340 (1985), it was noted that prior opinions had established that an entity will be covered by the Open Meetings Act if it is a "governmental body" which holds "meetings" as those terms are defined in the act. Section 1 of article 6252-17, V.T.C.S., defines "meeting" and "governmental body." It provides:

> (a) 'Meeting' means any deliberation between a quorum of members of a governmental body at which any public business or public policy over which the governmental body has supervision or control is discussed or considered, or at which any formal action is taken. It shall not be construed that the intent of this definition is to prohibit the gathering of members of the governmental body in numbers of a quorum or more for social functions unrelated to the public business which is conducted by the body or for attendance of regional, state, or national conventions or workshops as long as no formal action is taken and there is no deliberation of public business which will appear on the agenda of the respective body.

> (c) 'Governmental body' means any board, commission, department, committee, or agency within the executive or legislative department of the state, which is under the direction of one or more elected or appointed members; and every Commissioners Court and city council in the state, and every deliberative body having rule-making or quasi-judicial power and classified as a

department, agency, or political subdivision of a county or city; and the board of trustees of every school district, and every county board of school trustees and county board of education; and the governing board of every special district heretofore or hereafter created by law.

A meeting of the district judges of Harris County for the purpose of selecting a county auditor does not constitute a board, commission, department, committee, or agency within the executive or legislative department of the state nor is it a department, agency, or political subdivision of a county or city or the governing board of a special district created by law. See Attorney General Opinion MW-28 (1979). It is our opinion that a meeting of the district judges of Harris County for the purpose of selecting a county auditor is not a meeting of a "governmental body" as that term is defined in section 1(c) of article 6252-17 and does not come within the scope of the Open Meetings Act.

## S U M M A R Y

Prior to the amendment of article 1645a-10, V.T.C.S., by the 70th Legislature, the office of county auditor of Harris County was filled by the candidate receiving a two-thirds vote of all the district judges having jurisdiction in the county. The amendment to article 1645a-10 passed by the 70th Legislature no longer requires a two-thirds vote of all the district judges of Harris County, but instead provides that the district judges having jurisdiction in Harris County shall elect the county auditor by a <u>two-thirds vote of the district judges</u> who are present and voting at the meeting, providing that at least <u>a majority of the district judges are present</u> at such meeting. Senate Bill 914, Acts 1987, 70th Leg., ch. 192, signed by Governor Clements on May 20, 1987 (effective upon enactment). No alternate method is provided for selection of an auditor in Harris County. A meeting of the district judges of Harris County for the purpose of selecting a county auditor, is not a meeting of a "governmental body" as that term is defined in section 1(c) of article 6252-17, V.T.C.S., and does not come within the scope of the Open Meetings Act.

Very truly yours,

JIM MATTOX
Attorney General of Texas

p. 3446

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General